IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SALLY DANESHJOU, | § § § | |
| Plaintiff, | § § | |
| v. | § | 1:23-CV-245-RP |
| JPMORGAN CHASE BANK, N.A., | § § § | |
| Defendant. | § § | |

## ORDER

Before the Court is Plaintiff Sally Daneshjou's motion for leave to file her second amended complaint. (Dkt. 27). Defendant JPMorgan Chase Bank, N.A. filed a response in opposition, (Dkt. 28), and Plaintiff filed a reply, (Dkt. 31). Plaintiff also filed a supplemental motion for leave to amend her complaint, (Dkt. 35), that is pending before the Court. Having considered the parties' briefs, the record, and the relevant law, the Court finds that Plaintiff's motions should be denied.

## I. BACKGROUND

Plaintiff Sally Daneshjou ("Sally")—without her spouse Benny Daneshjou ("Benny")—brings this case to stop Defendant JPMorgan Chase Bank, N.A's ("Chase") foreclosure on her home (the "Property").[1] In 2018, Benny—without Sally—sued to stop Chase from foreclosing on the Property. *Daneshjou v. JPMorgan Chase Bank, N.A.*, No. 1:18-CV-688-RP (W.D. Tex. removed Aug. 15, 2018) ("*Daneshjou I*"). The Court recounts the relevant facts in this case as presented in United States Magistrate Judge Mark Lane's previous report and recommendation in the instant action. (*See* R. & R., Dkt. 17, at 1–3; *see also* Order, Dkt. 20 (adopting the report and recommendation)).

---

[1] The Property at issue is described as
   LOT 7, BLOCK E, BARTON CREEK SECTION G, PHASE 2, A SUBDIVISION IN TRAVIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT RECORDED IN VOLUME 96, PAGE 260-263 OF PLAT RECORDS OF TRAVIS COUNTY, TEXAS.
The Property is located at 2300 Portofino Ridge Dr., Austin, Texas 78735.

Benny and Sally refinanced their home in April 2003 through a loan from Washington Mutual. Only Sally signed the note. On September 25, 2008, Washington Mutual was placed into receivership, and the Federal Deposit Insurance Corporation ("FDIC") was appointed as the receiver. That same day, Chase purchased substantially all of Washington Mutual's assets and liabilities. Since then, Chase has claimed to service the mortgage for the loan from Washington Mutual, and the Daneshjous allegedly made payments on that loan until summer 2017. In January 2017, Benny deferred his property taxes. Chase paid them, then sought payment from the Daneshjous. In July 2018, Chase accelerated the loan and gave the Daneshjous notice of foreclosure.

Before a foreclosure sale could occur, Benny filed for a temporary restraining order in state court (*Daneshjou I*), which the state court granted. Chase removed the case to this Court, then filed a Rule 12(b)(6) motion to dismiss. Benny amended his complaint, asserting claims for quiet title and anticipatory breach of contract and seeking declaratory relief. Chase then filed another Rule 12(b)(6) motion to dismiss.

The basis for Benny's quiet-title claim was that the deed of trust secured payment of a note "signed by Borrower" and defined that term as both Sally and Benny Daneshjou, but only Sally actually signed the note Chase produced. According to Benny, a valid note therefore did not exist, and the deed of trust is unenforceable. Similarly, Benny alleged under his anticipatory-breach-of contract claim that the deed of trust authorizes the power of sale for default of a nonexistent note, not the note signed only by Sally. On May 2, 2019, this Court found that the note signed only by Sally was the note secured by the deed of trust. The Court rejected both of Benny's theories and granted Chase's motion to dismiss. *See Daneshjou I*, No. 1:18-CV-688-RP (W.D. Tex. May 2, 2019), Dkt. 30 (order granting motion to dismiss). The Court also denied Benny leave to amend because "his allegations are so implausible as to suggest that his lawsuit is motivated not by a good-faith belief that he is entitled to relief, but rather by a dilatory motive to delay the foreclosure of his

home." *Id.* at 9–10. The Fifth Circuit affirmed in 2020. *Daneshjou I*, No. 1:18-CV-688-RP (W.D. Tex. July 1, 2020), Dkt. 34.

In February 2023, Sally initiated this case by filing an original petition in state court. (Dkt. 1–1, at 6–19). Chase removed the case to this Court on March 6, 2023. (Dkt. 1). Shortly thereafter, Chase filed a motion to dismiss. (Dkt. 4). Sally then filed her first amended complaint, (Dkt. 7), prompting the Court to moot Chase's first motion to dismiss, (*see* Text Order dated Apr. 13, 2023).

In her first amended complaint, Sally asserted claims for breach of contract, fraud, usury, to remove cloud and quiet title, and for declaratory judgment. Sally asserted that Chase breached the loan agreement and committed usury when it changed the ongoing payment plan after the Daneshjous refused to pay Chase for the property taxes it had paid on the Daneshjous' behalf. (First Am. Compl., Dkt. 7, ¶¶ 44, 46). Referring back to the entire factual recitation of her amended complaint, Sally alleged Chase committed fraud. (*Id.* ¶ 45.) In her quiet title claim, Sally asserted that the deed of trust identifies the Property as collateral to a note signed by both Sally and Benny, but no such note exists. (*Id.*). Sally also sought a declaratory judgment that: 1) the deed of trust does not secure payment of the Note; 2) the Note described in the deed of trust does not exist; 3) a nonexistent note cannot be defaulted, accelerated, or foreclosed upon; 4) Chase cannot foreclose the Property based on the deed of trust and Note; and 5) Chase abandoned any prior acceleration on July 10, 2018. (*Id.* ¶ 49). Sally also brought a constructive fraud claim, in which she asserted that Chase pretended to offer programs to reinstate the Note without intending to follow through on them. (*Id.* ¶ 50).

Chase filed another motion to dismiss, moving to dismiss all the claims in Sally's first amended complaint, except the claim that Chase abandoned the prior acceleration and therefore cannot foreclose. (Dkt. 9). The Court referred the motion to dismiss to United States Magistrate Judge Mark Lane. (*See* Text Order dated Aug. 22, 2023). On October 17, 2023, Judge Lane issued a

report and recommendation in which he recommended that this Court grant Chase's motion to dismiss. (R. & R., Dkt. 17, at 7). Judge Lane found that Sally's claim to quiet title, breach of contract claim, usury claim, and four of her five claims for declaratory judgment were barred by res judicata in light of the judgment in *Daneshjou I*. (*Id.* at 6). Judge Lane also found that any claim based on conduct that occurred before February 21, 2019 was barred by the statute of limitations. (*Id.* at 7). On November 21, 2023, this Court issued an order adopting the report and recommendation and granting Chase's motion to dismiss. (Order, Dkt. 20). The Court dismissed all of Sally's claims with prejudice, except her declaratory judgment claim that Chase cannot foreclose because it abandoned its prior acceleration. (*Id.*).

On March 22, 2024, Sally filed the present motion for leave to amend and requests that the Court allow her to file her second amended complaint. (Dkt. 27). She attached her proposed second amended complaint to her motion for leave. (Dkt. 27-1). Chase opposes her motion for leave to file her second amended complaint. (Dkt. 28). Sally has also filed a supplemental motion for leave to amend. (Dkt. 35). In her supplemental motion, she asks for leave to revise one sentence in the proposed second amended complaint to "make clear that [her claim for] declaratory relief is being made under both Texas state law and federal law." (*Id.* at 1). This supplemental motion is also opposed. (*See id.* at 2).

While the motion for leave to amend was pending, Sally also filed a motion for a temporary restraining order ("TRO"), in which she sought an injunction to stop Chase from foreclosing on her home on June 4, 2024. (Dkt. 36). In the motion for TRO, Sally argued that Chase's foreclosure was barred by the statute of limitations because it accelerated the debt in 2018 and did not abandon this acceleration before the four-year statute of limitations expired. (*Id.*). The Court held a hearing on the motion for TRO on June 3, 2024. (Minute Entry, Dkt. 40). At the hearing, the Court found that

4

Sally had not demonstrated that there was a substantial likelihood that she would succeed on the merits of this claim. Therefore, the Court denied the motion for TRO. (*See* Order, Dkt. 39).

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure permit a party to amend its pleading "once as a matter of course," but afterwards "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002). But leave to amend "is by no means automatic." *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991). A district court may deny leave to amend if it has a "substantial reason" to do so. *Lyn–Lea Travel Corp.*, 283 F.3d at 286. Permissible reasons for denying a motion for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 591 (5th Cir. 2016).

The futility of amendment is another substantial reason to deny leave to amend. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). A proposed amendment is futile if it fails to state a claim upon which relief could be granted. *Id.* at 873. Therefore, in determining futility, this Court will apply the "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.*

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a

5

complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### III. DISCUSSION

Sally argues that her motion for leave to amend should be granted because it was timely filed pursuant to the scheduling order in this case. (*Id.* at 1; *see also* Scheduling Order, Dkt. 24). In her proposed second amended complaint, Sally reasserts various claims that the Court has already dismissed. (*See* Proposed 2d Am. Compl., Dkt. 27-1, ¶¶ 44–50). She also asserts three new claims for "claim preclusion," "changed circumstances," and violations of the Fair Debt Collection Practices Act. (*Id.* ¶ 51–53). In opposition, Chase argues that the Court should deny Sally's motion for leave to amend for the following reasons: (1) The motion was filed for the purpose of undue delay; (2) Sally has a dilatory motive in filing the motion; (3) Sally has already had an opportunity, and failed, to cure deficiencies in her prior complaints; and (4) granting leave to amend will prejudice Chase. (Resp., Dkt. 28, at 1). Chase also argues that the proposed second amended complaint is futile because it restates claims that the Court has already dismissed with prejudice and because the three newly asserted claims fail to state claims upon which relief could be granted. (*Id.* at 5–11).

The Court agrees with Chase and finds that the motion for leave to amend should be denied. First, the Court finds that the motion for leave to amend was filed with a dilatory motive, to cause undue delay, and to prejudice Chase. Although the motion for leave to amend was timely filed in accordance with this case's scheduling order, it was filed approximately five and a half years after *Daneshjou I* was initiated and thirteen months after the current lawsuit was filed. The proposed second amended complaint is based on the same factual allegations as the last two complaints in this case and the same allegations in *Daneshjou I*. Sally already had an opportunity to cure her pleading deficiencies when she filed her first amended complaint and failed to do so. The Court also finds that Chase would be unduly prejudiced if leave is granted because the second amended complaint would require Chase to file an amended answer or a third motion to dismiss and potentially conduct additional discovery. Given that the discovery deadline in this case is only a month away and dispositive motions are due in August, (*see* Scheduling Order, Dkt. 24), allowing amendment would further delay the resolution of this case. While Rule 15(a) evinces a bias in favor of amendment, granting leave to amend is not required if the plaintiff has already pleaded her "best case." *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). Sally has had plenty of opportunities to plead her best case that have yet to be meritorious. On the basis of undue delay and prejudice alone, the Court finds reason to deny the motion for leave to amend.

Second, the Court finds that amendment would be futile. As Chase correctly points out, in her proposed second amended complaint, Sally reasserts six claims that the Court has already dismissed with prejudice. Based upon the Court's prior orders concerning these six causes of action, reassertion of these claims would clearly be futile. The Court also finds that the three new causes of action that Sally purports to assert would be futile.

In count seven of the proposed second amended complaint, Sally seeks to assert a claim for "claim preclusion." (Proposed 2d. Am. Compl., Dkt. 27-1, ¶ 51). This claim argues that Chase is "barred from seeking a foreclosure going forward" seemingly because Chase did not assert a claim for judicial foreclosure in *Daneshjou I*. (*Id.*). However, this claim is barred under current law. "Under Texas law, when a borrower files an action challenging the validity of a secured debt, the state's compulsory counterclaim rule, Tex. R. Civ. P. 97(a), does not require the secured party to counterclaim to collect on the debt if the creditor has a contractual right to pursue a nonjudicial foreclosure." *Douglas v. NCNB Texas Nat. Bank*, 979 F.2d 1128, 1130 (5th Cir. 1992) (citing *Kaspar v. Keller*, 466 S.W.2d 326, 329 (Tex. Civ. App.—Waco 1971, writ ref'd n.r.e.)). The federal counterclaim rule, Fed. R. Civ. P. 13(a), is also inapplicable if it "abridges, enlarges, or modifies the plaintiff's or defendant's substantive rights." *Id.* Because Texas law gives lenders the substantive right to elect judicial or nonjudicial foreclosure in the event of a default, application of Rule 13(a) in cases like this would "bridge the lender's substantive rights and enlarge the debtor's substantive rights." *Id.*; *see also Huston v. U.S. Bank Nat. Ass'n*, 988 F. Supp. 2d 732 (S.D. Tex. 2013) (holding that the lender was not required to assert a counterclaim in a prior suit to preserve its foreclosure rights). Accordingly, Chase was not required to assert a claim for foreclosure in *Daneshjou I* to preserve its right to foreclosure. Sally's "claim preclusion" claim is futile as it fails to state a claim upon which relief could be granted.

In count eight of the proposed second amended complaint, Sally seeks to assert a claim for "claimed circumstances." (Proposed 2d. Am. Compl., Dkt. 27-1, ¶ 52). In this claim, Sally argues that "circumstances have changed significantly since the previous lawsuit" such that the doctrine of res judicata does not apply. (*Id.*). An exception to issue preclusion may be warranted if there has been an intervening "change in the applicable legal context." *Herrera v. Wyoming*, 587 U.S. 329, 343 (2019) (cleaned up). Changed circumstances include "an early decision based on a now repudiated

8

legal doctrine" and "significant changes in controlling facts or legal principles." *Id.* (cleaned up). Here, there has not been any repudiated legal doctrine or significant changes in controlling facts or legal principles. To the contrary, the proposed second amended complaint is based on the same factual allegations contained in the first amended complaint. In resolving Chase's motion to dismiss, Judge Lane found that res judicata applied and barred Sally from asserting many of her claims. (*See* R. & R., Dkt. 17, at 5–6). Sally's attempt to bring a claim for "changed circumstances" is nothing more than an attempt to re-litigate issues that she could have argued in her response to the motion to dismiss or in her objections to the report and recommendation. Accordingly, the Court finds that the "changed circumstances" claim is futile and fails to state a claim upon which relief could be granted.

In count nine of the proposed second amended complaint, Sally seeks to assert a claim for violations of the Fair Debt Collection Practices Act ("FDCPA"). (Proposed 2d. Am. Compl., Dkt. 27-1, ¶ 53). She alleges that Chase has violated 12 C.F.R. § 1006.22(f) because it is a "debt collector whose principal business is the business of the enforcement of security interest" and as such it is "prohibited from using unfair or unconscionable means." (*Id.*). Sally alleges that Chase violated this provision by filing "a false affidavit in support of its debt collection practices." (*Id.*). This proposed claim is meritless for two reasons. First, 12 C.F.R. § 1006.22(f) restricts debt collectors from using certain media in their efforts to contact consumers and lists four specific actions that are prohibited. An alleged filing of a false affidavit is not a prohibited use of media by a debt collector that falls under this provision, and thus the alleged action cannot be a violation of 12 C.F.R. § 1006.22(f). Second, mortgage lenders and servicers are not debt collectors under the FDCPA and not subject to its provisions. *Montgomery v. Wells Fargo Bank, N.A.*, 459 Fed. App'x 424, 428 n.1 (5th Cir. 2012) (citing *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007), *aff'd*, 269 Fed. App'x 523 (5th Cir. 2008)). "The activity of foreclosing on a property pursuant to a deed of

9

trust is not the collection of debt withing the meaning of FDCPA." *Williams*, 504 F. Supp. 2d at 190. Accordingly, Sally's purported claim for violations of the FDCPA is futile and does not state a claim upon which relief can be granted.

### IV. CONCLUSION

The Court finds that the motion for leave to amend should be denied because it is filed with a dilatory motive and would unduly prejudice Chase. Further, the Court finds that amendment would be futile. Because the Court denies the motion for leave to amend, the supplemental motion for leave to amend is also denied.

Accordingly, **IT IS ORDERED** that Sally's motion for leave to amend, (Dkt. 27), and her supplemental motion for leave to amend, (Dkt. 35), are **DENIED**.

**SIGNED** on June 11, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE